Good morning, Your Honors. I'd like to reserve three minutes for rebuttal, if I may. This is a habeas corpus case, a guilty plea by my client, Jerrel Jones, who is a petitioner. This is not an Alford plea. It was a straight plea where the guilty plea form itself shows clearly that he declined to plead guilty to an assault of the person we call AP. Well, it's not that he declined to plead guilty. He did plead guilty to that assault because that's how the plea agreement was written. But it appears that he didn't understand he was pleading guilty to that. Correct. And the way the crossouts and interlineations are on the plea, statement of plea of guilty, it's clear. And I think all the courts, both state court and the federal district court, agree that he thought he was pleading guilty to assault of TP. But he did, in fact, plead guilty to the other assault. Well, I guess that's maybe a philosophical question, what he thought and what he did. But it does show Count 7, what he understood Count 7 to be, is unclear. One of the questions I have is, assuming everything you're saying is right, why does your client, is this really what he wants? I mean, suppose he was allowed to go back and replead to ‑‑ I mean, at one point in his statement to the state supreme court, he said he didn't want to vacate his plea. He just wanted this clause to come out. That's not going to happen, right? Your Honors, I think that he showed throughout both his state court pleadings and federal court pleadings in habeas corpus that he wanted to withdraw his plea. That at the time of the guilty plea, in fact, it's shown at sentencing that his father talked about the false start in his first attempt to plead guilty, where it didn't happen because it said AP on it. There's no record of that. He wanted to go to trial on all nine counts? Your Honor, I was not there, so I don't know the answer to that. Does he now know that he now wants to go to trial on all nine counts? Your Honor, I think that's a difficult question to ask when we're so far removed from the facts and what can or can't be proven. What we have here is a very young man who had no prior felony convictions and got over 17 years in prison. Even though the plea agreement itself says 90 months, his attorney just said, oh, no, it's 100, and he got 10 extra months. What that says about his attorney and his conduct, whether you call it reckless disregard or callous indifference, he was shamefully poor in his representation of this young man. What was his potential risk of sentence if he had gone to trial and all? I don't have that, but I know that it was certainly substantially higher. He got a pretty good deal. Just on sentence-wise. He clearly got a whole lot less than what the state thinks is the maximum. On the other hand, his guilty plea, he only takes responsibility for two weapons, and yet he's tagged with three weapons enhancements for nine years. And if one of those drops off, his sentence goes down dramatically. If, as we contend, the kidnapping and assault should have merged, although that issue is not before the court now, but it would be if we go back, then he's looking at even a lower sentence range. So I understand that his exposure was dramatically higher, but to say that, therefore, we just are going to say, I'm sorry, Mr. Jones, you don't get any benefit here, even though you really didn't know what you were doing, and that's clear from the guilty plea. And that applies both to the kidnapping as well as the assault, because when he says, when it's clear on the guilty plea statement that he's not agreeing that he assaulted A.P., then he couldn't have, he must have misunderstood the abduct element. Well, he did modify, but he didn't modify, I mean, what I could see is that the four paragraphs track the four charges that were going forward, and he did not modify the one that had to do with A.P. Well, he didn't, but that appears, in my mind, in my argument, that he misunderstood the elements of kidnapping, because kidnapping, in the first degree, in the state of Washington, requires abduction, and abduction in this instance had to be the threat to use deadly force. But that becomes a much harder argument, because he has to prove that he didn't understand it, or he wasn't told it. I mean, as to the second part, I mean, there's direct evidence that he didn't understand that's what he was doing, because he crossed it out, he changed it. But he didn't change the, and that was, plus, we're reviewing under EPA, and the Washington courts essentially said that by, that the elements of the kidnapping met the elements of the assault of A.P., so there was a factual basis. Which is probably true, right? If the fact is an assault, the fact that he believes otherwise is neither here nor there. That may be, Your Honor, but when it's clear in the face that he's misunderstood elements of this offense, these offenses, and no one has brought this to his attention, no one has brought to his attention that Count 7 involves A.P., not T.P., so his statement doesn't jive with what he's supposedly claiming. But you're mixing issues up, because that's one point, but you're now arguing that he also wasn't voluntary or wasn't knowing with regard to his plea to the kidnapping, and that's a whole other can of worms, particularly under EPA. I mean, can you articulate why the state court's resolution of all this was unreasonable under, or either under D.I. or D.II.? Because, Your Honor, they did not even address whether the plea was knowing and intelligent. They simply went off on saying there was a factual basis, therefore we're done here, and I think they have ignored the case law, Henderson v. Morgan, Brady v. United States, that clearly says otherwise. Could it make any difference to our resolution if we were to agree with you with regard to the assault, but not the kidnapping? I'm not understanding why you're arguing about the kidnapping when the evidence is so much more problematical. What difference does it make? Does it make a difference? Yes, for all the reasons that I said before, that I believe that he may well have been able to get a much better resolution than he got, given the facts as they are. Well, but if we were to agree with you, would we simply vacate the whole plea, or what would our resolution look like? I am proposing a resolution that you vacate the whole plea alternatively. So it doesn't matter whether we, so therefore it doesn't matter whether we agree with you with regard to the kidnapping? Your Honor, I think that if he has misunderstood as to the assault, that the entire plea needs to be vacated. So we can just take the kidnapping issue off the table? I think you can resolve it that way, yes. I'll reserve the rest of my time, if I may. Okay, we'll hear from the warden. May it please the Court, John Sampson, Assistant Attorney General for the Respondent Appellee. Your Honor, as this Court is aware, this case comes before the Court under AEDPA, and the issue is not whether this Court believes that the guilty plea was unintelligent, unknowing, and involuntary, but whether the State Court's decision was objectively unreasonable. Did the State Court ever resolve that question? Yes, Your Honor. As such? Would you read to me where they did? Well, Your Honor, in both the Court of Appeals decision at Excerpts of Record 36 to 40, and the Supreme Court's decision in 34 to 35, the Court resolved the claim that was presented to them was a challenge to the guilty plea, and the petitioner raised claims that it was unintelligent and involuntary because there was no factual basis, and that he received ineffective assistance counsel. But what he's saying now, as I understand it, and I don't know whether your argument is that this wasn't raised or what, is that he has proof that this is not what he understood he was pleading to, so it wasn't knowing and intelligent. And there's – I mean, it's an unusual case in that he bothered to take this document and cross out the facts alleged as to this one charge and change them. So there's pretty good showing that that's the truth. I disagree, Your Honor. First of all, we have a factual finding by the trial judge, and this is at Excerpts of Record 236, where the judge found that the plea was made knowingly and intelligently with a full understanding of the nature of the charges and the consequences of the plea. Yes, but he didn't deal with this problem at all. He didn't notice it. Nobody brought it to his attention. He didn't notice it. Well, Your Honor, that focus on that section of the statement of defendant on plea of guilty is the defendant's statement of his version of the facts, the facts that make him guilty. No, it wasn't – yes, but it was directly keyed to – each paragraph goes to a different charge, right? Of the factual basis of the plea, but as the court is – Well, no, the charges. In other words, certain of the charges were being dropped, and there are four that are now going forward, and this was the second of the four. This was his version of those – of the facts for those four charges. But, again, that's the factual basis of the plea, which is not a constitutional requirement. That could have been simply I plead guilty to the – or I'm guilty of the crimes as charged, or it could be a very elaborate statement by the defendant. That really goes to the factual basis. That doesn't go – Go ahead, finish it. That doesn't go to whether he understood the elements, and he was given repeated instruction that the four charges were the counts 1, 7, 10, and 11 as charged in the information. He admitted he had reviewed the information with his attorney, and he understood those elements. That is the intelligent and knowing part. Whether or not there's a factual basis, that's not a constitutional requirement. That's a rule requirement, and it's not a clearly established constitutional reason for invalidating this plea. Were all the documents signed on the date and morning of the change of plea hearing? Your Honor, I don't know the actual answer to that of when they were actually signed. Because, you know, I read the transcript. I noticed that the judge says that he has the statement. It's called Statement of Defendant Unpleaved Guilty. It has it before him, and I gather that he was looking at it as he was talking to the defendant. Is that your understanding of what happened? Yes, Your Honor. Usually that statement is filled out prior to that. I think it's kind of odd that the judge wouldn't have noticed the change, a little modification. Yes, Your Honor, and the judge did read it as it is currently written. Yes, so when the judge saw it, it was as it was currently written. So that interlineation was already made when the judge read the statement. And usually the statement is prepared before the hearing. It may be signed at the hearing or after the colloquy with the judge. There is this part where the judge actually signs it. That all depends on how the actual proceeding occurs. I'm not sure there's a record of when it was officially signed, whether it was signed during the hearing. When was the second information filed? The second information was filed before the plea. I'm not sure I can. Was it filed in contemplation of what the parties had agreed to? No, Your Honor, because the second information included all the charges. So it was actually filed before the plea was finalized and entered, and the prosecutor was prepared to go to trial on all the charges in the second information. So it's not an information that was then filed to dismiss counts. It was in existence. He was originally charged with just one crime, and then the prosecutor added the other crimes, and in the second information they had all the crimes that he had. Did any of the state court decisions, trial court, court of appeals, the commissioner, and the Supreme Court ever note these handwritten changes? Yes, Your Honor. The state Supreme Court noted that there were handwritten changes, and that was when Mr. Jones brought the claim before the state Supreme Court. What he was saying was these handwritten changes shows there's no factual basis for the plea. And the state Supreme Court said, well, it's they noted the difference, and what they said essentially was that, yes, that's true. You say here that you're pleading guilty or that you assault, not that you're pleading guilty, but that you assaulted T.P. In the previous section you also admit that you displayed a handgun to threaten harm to A.P., and that is sufficient to prove the facts necessary to prove both kidnapping and assault. And because the charges against or charges involving T.P. were dismissed, it was essentially superfluous, and that's what the district court found. The question really comes down to does he have to know the identity of the victim in order for his plea to be valid? And I would submit that goes to the facts and whether there's a factual basis and not whether the plea itself was annoying and intelligent. If you have a robber goes into the bank and there's three tellers and he robs all three tellers and they charge him with all three tellers and then he comes to plead guilty to just one as part of a deal and he later says, oh, I thought it was pleading guilty to number two, not number one. But the difference being, I mean, there's this other weird twist here, which is that T.P. actually was not under 13 years old. That's correct, Your Honor, and that would be essentially a factual impossibility, but the Supreme Court has not said that you can't plead guilty to crimes that are factually or legally impossible. That's not a constitutional rule. That may be a state rule or it may be a rule under Rule 11, but it's not a constitutional rule. And, in fact, I'm worried that the state of New York allows a research issue in preparation for argument. The state of New York allows pleas to crimes that are legally impossible. You could plead guilty to attempted manslaughter. And I think the same would apply in the state of Washington. There are situations, if you're reaching a deal that is intended to grant a benefit to the defendant to get him to plead guilty, you can have him enter pleas to crimes that really would not be able to be proven if he went to trial, as long as he's doing so with the understanding these are the elements of what I'm pleading guilty to and we have the judge finding as fact that he had that understanding. It's also important, I just want to address one issue. Counsel has raised repeatedly the fact that defense counsel at sentencing didn't get the right number of months as far as the plea recommendation. That's never been an issue raised as a ground for relief in state court or in federal court that I'm aware of. It's not certainly been raised in federal court, and it's really a red herring. The fact is that the state judge engaged in a lengthy colloquy with the defendant. He admitted that he understood the elements of the crime. He admitted that he had discussed the elements in the plea with his counsel. The judge found that as fact. The state courts denied the claims based on that finding. Their decision, even if this court were to disagree with it, was not objectively unreasonable, and for that reason, Mr. Jones is not entitled to relief. I would ask that the court affirm the district court's judgment. Thank you. You have about less than a minute. Thanks. Your Honors, first in response to your question about when the second amended information was filed, that was on September 28th and the plea was on November 13th, so about a month and a half, two months later. I'd like to draw the court's attention to the state court case of State v. Eastmond. It's in my pleadings. It says clearly that under Washington law, display of a weapon is not an assault. You have to do more than simply display a weapon for it to be an assault, and I believe that's... How does that help you? That's all he did as to AP, and it goes to this question of whether or not there was a factual basis for any of his... But that is not... Are you arguing that that's a constitutional problem, that there was no factual basis? I'm not. You're not. So it's not relevant. So what does it matter? It matters as to the opinions of the state court and the federal district court, which seem to suggest that his statements as to AP and the kidnapping somehow meant that he had admitted that he had assaulted AP when he hadn't under state law. We're talking factual basis. Factual basis of the question is whether from the things he has admitted, you can infer whether or not this is necessary. He doesn't have to admit to every factual predicate. I mean, it's just enough that there is a basis from which, you know, if this were presented to a jury, a jury could infer guilt. That's all you need for a factual basis. So I don't see how that helps you at all. Well, I just would argue that when he has withdrawn from any admission that he assaulted AP... I'm sorry. You think if you presented that to the jury, a jury couldn't infer guilt from that? No. His statement, this is what I did, and the jury can't go back and find him guilty? If that's the case, then you've certainly got enough for a factual basis. They could have if they felt that he had actually pointed the gun and found him guilty under state law. I think that's the end of the case, isn't it? I mean, that's pretty much it, isn't it? Your Honors, I have focused on the knowing and intelligent. No, as far as that argument is concerned, if you're relying on that argument, that's it. I mean, if a jury can infer from it guilt, that's it. I may be over. If I could just make one quick point, and that is that when the State talks about there can be situations where you're not admitting facts for the basis of the plea, he's talking about an Alford plea. And this was not an Alford plea where one comes in and says that I realize that I'm not admitting. I don't think that's what the State argued. They never argued. The State didn't argue that. Yeah. All right. Thank you. Okay. Thank you. Thank you. Thank you. Thank you.
judges: Kozinski, Paez, Berzon